EVELYN M. ERBE *vs.* A. D. JUILLIARD & CO., INC.
A. D. JUILLIARD & CO., INC. *vs.* EVELYN M. ERBE.

JUNE 17, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This petition, although entitled a motion, was filed by an attorney to fix his alleged contingent interest or fee in relation to a lump sum settlement or commutation of workmen's compensation under general laws 1938, chapter 300. After a hearing before a justice of the superior court a decree was entered denying the petition, and from that decree the petitioning attorney, hereinafter called the petitioner, has prosecuted the instant appeal to this court.

Since the petitioner concedes the conclusiveness of all findings of fact by the trial justice, it is sufficient here to state only enough of the evidence to understand the travel of the case and the relationship claimed by petitioner to the employee and his alleged interest in the commutation fund in question. The petitioner was engaged by Evelyn M. Erbe, the employee, as her attorney to prosecute an original petition for workmen's compensation alleged to be due from her employer, the respondent company, because of a certain injury. In turn petitioner engaged another lawyer as an associate to assist him in the trial of the case. Together these attorneys succeeded in obtaining the entry of a decree in the superior court granting the petition and awarding compensation for total incapacity. They further successfully opposed the employer's appeal therefrom in this court, which later denied and dismissed such appeal. *Erbe* v. *A. D. Juilliard & Co.*, 81 R. I. 37.

It appears that in the course of the original proceeding petitioner had tried twice to have the employee and her husband execute a written agreement providing for payment of a contingent fee of one third of the entire recovery

of any compensation that might be obtained by the employee as the result of such injury; that this offer by petitioner was refused by the employee and her husband; and that they insisted they would pay him only a reasonable attorney's fee for his services. As a result of our opinion, there was an accumulation of unpaid compensation in the amount of $3,460 due the employee.

The petitioner and his associate then disagreed as to the latter's fee and petitioner and the employee also were in disagreement as to the amount of the total fee to be paid by her. Finally the associate attorney filed a motion to have the fees fixed, and after a hearing a justice of the superior court found that petitioner was entitled to a *total* fee in an amount equal to one third of the accrued compensation in the "pending case"; and further it was ordered that out of such fee he pay $400 to the associate attorney for his services. The employee, although protesting the amount of the fee, reluctantly assented thereto in order to end the disagreements and to obtain her own portion of the recovery of compensation which had been held up by the petitioning attorney.

After some delay he was discharged by the employee and the money recovered, less the petitioner's total fee as fixed in such decision, was paid over by him. In accordance with the decree approved by this court, weekly payments of compensation were then made by the employer for several months directly to the employee. The petitioner no longer acted as her attorney in the case and no demand or claim was ever made by him that he had a contract or contingent interest in subsequent weekly payments or any lien thereon.

After several months had elapsed the employee sought a commutation or lump sum settlement of her compensation. Negotiations were entered into between the company and the former associate attorney, who at that time had been engaged as employee's attorney in relation to such settlement. These conferences led to the filing of a petition

for commutation by that attorney and thereupon, after a hearing, a decree was entered allowing a lump sum settlement of all future compensation in the amount of $2,000.

The original attorney, petitioner here, having learned of this decision then claimed an attorney's lien for a contingent one-third interest in that amount. He served notice of his claim of lien on the employer and the employee, and also filed the petition to have his alleged contingent interest in the commutation fund fixed and approved by the court. After a hearing thereon a decree was entered denying and dismissing the petition and the case is before us on petitioner's appeal from that decree.

The petitioner concedes that there was evidence to support the findings of fact in the decree and that they are therefore conclusive. Such findings by the trial justice are in substance and effect that petitioner never had an express contract for a contingent fee of a one-third interest in all compensation to be recovered by the employee under the act; that he never discussed with the employee or her husband, and never performed any real service in connection with, the commutation of her compensation as obtained in the last proceeding; and that even assuming he had a contract for a contingent one-third fee, another justice of the superior court had limited the extent of his approval to the amount recovered in the original petition for compensation which was then pending; and that such amount had been paid to and accepted by petitioner.

The petitioner, however, seeks by an ingenious argument to transform into questions of law the findings which were essentially issues of fact and which, being supported by legal evidence, are not challenged as such. In support of his appeal he sets forth four reasons wherein he alleges the trial justice erred in contemplation of law. In other words, he argues in effect that in contemplation of law the finding by the first trial justice that he was entitled to one third of the amount of the accrued compensation recovered "in the

pending case" meant petitioner had a contract and was entitled to one third of the entire compensation which might be recovered as a result of the injury. This follows because the "pending case," he claims, must be held as synonymous with the employee's entire cause of action. He then proceeds to argue further that on the instant petition the trial justice was in error in holding otherwise, because the first decree, construed as he interprets it, had became res adjudicata and must be held to entitle him to a one-third interest in any and all compensation or commutation thereof obtained by the employee as a result of such injury.

Such arguments clearly distort the plain meaning of the justices' decisions above referred to, remove them from their context, and deprive them of their ordinary meaning which everybody, including petitioner, understood and accepted at the time they were rendered. An examination of the record leaves no doubt that both justices of the superior court, in referring to the fee awarded in the pending case, meant the original petition, and that alone. That was the only proceeding pending at the time petitioner's total fee was fixed. In our practice a petition for commutation is not ordinarily considered a part of such proceeding. See *Votolato v. Rhode Island Supply Co.*, 70 R. I. 1, 4.

Whether it was approved as a contingent fee in accordance with the alleged agreement, or as a *quantum meruit* for services rendered in successfully prosecuting the original petition, is of little consequence here. The fact is clear that the first justice had no intention of finding and did not find that petitioner was entitled to a contract for a contingent fee of one third of all compensation that might be obtained by such petition and also by any proceeding in the future. As a matter of fact the trial justice here found that petitioner had not established by the evidence the existence of such a contract, as alleged, and we find no error in that regard.

In an effort to support his unique argument petitioner

has cited the latest of certain cases involving a broker's commission as applicable here by analogy. The distinction between those cases and this phase of a workmen's compensation case is so obvious that we need not discuss them. We have examined all the arguments of the petitioner and we find no merit therein.

The appeal of the petitioner is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings in accordance with the decree and thereafter that court will transmit the papers in the cause to the workmen's compensation commission.

*Robert Del Giudice,* petitioner, *pro se.*

*Alfred H. O. Boudreau,* for respondent employee.